UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

ROBIN SOUTHWELL,                     )
                                      )
        Plaintiff,                    )
                                      )
v.                                    )    No.:  3:10-CV-550
                                      )          (VARLAN/SHIRLEY)
SUMMIT VIEW OF FARRAGUT LLC,         )
                                      )
        Defendant,                    )

## MEMORANDUM OPINION

This civil action is before the Court on defendant, Summit View of Farragut LLC's ("Summit View's"), Motion for Summary Judgment [Doc. 5], brought pursuant to Rule 12(b)(6) and Rule 56(b) of the Federal Rules of Civil Procedure. In the motion, Summit View asserts that plaintiff, Robin Southwell, has failed to establish the essential elements of her medical malpractice claims by failing to comply with the requirements of the Tennessee Medical Malpractice Act ("TMMA"), T.C.A. §§ 29-26-115, *et seq.*, and has failed to state a claim for which relief may be granted under the Americans with Disabilities Act, 42 U.S.C. §§ 12101, *et seq.* (the "ADA"). Summit View asserts that because plaintiff has failed to state a claim for which relief may be granted under these statutes and because there are no material issues of fact in dispute, Summit View is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 12(b)(6); Fed. R. Civ. P. 56(b). Plaintiff has filed a response in opposition, arguing that she has complied, or still has time to comply, with the requirements of the TMMA and that she has established all other essential elements of her claims.

The Court has carefully reviewed the pending motion [Doc. 5], the supporting, opposing, and reply briefs [Docs. 6, 9, 10, 11, 13], the relevant documents and exhibits, and the controlling law. For the reasons set forth herein, and because the Court finds that plaintiff has failed to establish any claim for which relief may be granted, Summit View's motion [Doc. 5] will be **GRANTED**, plaintiff's clams will be **DISMISSED**, and this case will be closed.

I.  **Background**

The following factual allegations arise from a time in which plaintiff's decedent, Claudia Adkins ("Adkins") was under the care of Summit View, a nursing home [Doc. 1-1, ¶ 1]. Adkins arrived at Summit View on December 11, 2009 after being transferred from the Tennessee Medical Center [*Id.*, ¶ 2]. Plaintiff alleges that while Adkins was in Summit View's care, it failed to do the following: provide Adkins with an interpreter;[1] place her in a suitable room; properly care for her pre-existing emphysema and cancer; and promptly inform the supervising nursing home physician of her condition [*Id.*, ¶ 11]. Such conduct, plaintiff asserts, constitutes a failure on the part of Summit View to follow the applicable standard of medical care [*Id.*]. Plaintiff alleges that this failure to follow the applicable standard of medical care resulted in increased medical expenses, conscious pain and suffering, mental anguish, permanent physical injuries, and ultimately, Adkins's death [*Id.*, ¶ 13].

---

[1] Adkins was deaf and blind [Doc. 1, ¶ 11]

On November 23, 2010, plaintiff filed a complaint [Doc. 1, ¶ 1] in state court containing allegations of medical malpractice and an alleged violation of the ADA [Doc. 1-1, ¶ 4]. Summit View removed the case to this Court based on diversity jurisdiction [Doc. 1, ¶ 5] and filed the instant motion [Doc. 5]. In the motion, Summit View contends that plaintiff has not properly complied with the TMMA's notice requirement, T.C.A. § 29-26-121, or the TMMA's requirement that a certificate of good faith be filed in any medical malpractice action in which expert testimony is required, *id.* § 29-26-122. Summit View also contends that plaintiff has not stated a claim for which relief may be granted under the ADA. In response, plaintiff contends that she has complied with the notice provision of the TMMA by sending a notice of claim letter to Summit View [Docs. 9, 9-1], and that she still has time to comply with the certificate of good faith requirement [Doc. 9, ¶ 2].[2]

## II.   Analysis

### A.   Standard of Review[3]

The Court will treat Summit View's motion as a motion to dismiss pursuant to Rule 12(b)(6). A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil

---

[2]The Court notes that at the time of this order, plaintiff has still not complied with the certificate of good faith requirement.

[3]Summit View brought its motion pursuant to Rule 56(b) which provides that "[u]nless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment at any time under 30 days after the close of all discovery." Fed. R. Civ. P. 56(b). Because Summit View filed its motion pursuant to Rule 12(b)(6) as well as Rule 56(b), despite titling it only as a motion for summary judgment, and because the Court finds that Summit View's arguments are brought in terms of plaintiff's failure to state a claim, the Court will treat Summit View's motion as a motion to dismiss. *See* Fed. R. Civ. P. 12(b)(6).

3

Procedure operates to test the sufficiency of the complaint. *See* Fed. R. Civ. P. 12(b)(6). The first step in testing the sufficiency of the complaint is to identify any conclusory allegations. *Ashcroft v. Iqbal*, — U.S. — , — , 129 S. Ct. 1937, 1950 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1949 (*citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). That is, "a plaintiff's obligation to provide the grounds of [his or her] entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Although the Court must accept all well-pleaded factual allegations of a complaint as true for purposes of a motion to dismiss, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.*

After assuming the veracity of all well-pleaded factual allegations, the second step for the Court is to determine whether the complaint pleads "a claim to relief that is plausible on its face." *Iqbal*, 129 S. Ct. at 1949 (*citing Twombly*, 550 U.S. at 570). A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949 (citing *Twombly*, 550 U.S. at 556).

### B. Rule 11 Sanctions

At the time Summit View filed the instant motion, it correctly asserted that plaintiff's attorney was not, and had never been, a licensed attorney in the state of Tennessee. By not having a properly admitted attorney sign the complaint, Summit View asserted, plaintiff's

4

complaint should be dismissed and stricken from the record pursuant to Rule 11(a) of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 11(a). Following the filing and briefing of Summit View's motion, however, plaintiff's attorney filed a motion to appear *pro hac vice* in this action [*see* Doc. 7]. That motion having been granted [*see* Doc. 13], the Court finds Summit View's argument for dismissal on this ground to be moot.

### C. The Tennessee Medical Malpractice Act (the "TMMA")

In her complaint, plaintiff alleges that her claims fall under, "Tennessee statutes pertaining to medical malpractice" [Doc. 1, ¶ 4]. While not explicitly pled, for the reasons set forth below, the Court finds plaintiff's claims and allegations to fall under the TMMA. *See* T.C.A. §§ 29-26-115, *et seq*.

The Tennessee Supreme Court has noted that medical malpractice is but a particular type of negligence and when a negligence claim arises from injuries resulting from negligent medical treatment, the action is one for medical malpractice. *Gunter v. Lab. Corp. of America*, 121 S.W.3d 636, 639-40 (Tenn. 2003) (noting that the TMMA "essentially codifies the common law elements of negligence"). The codified sections of the TMMA give the common law elements of negligence insofar as they are to be applied in medical malpractice actions. *Gunter*, 121 S.W.3d at 639-40; *see* T.C.A. § 29-26-115. The Tennessee Supreme Court has also noted that "when a claim bears a substantial relationship to the rendition of medical treatment by a medical professional, the medical malpractice statute is applicable." *Gunter*, 121 S.W.3d at 641.

5

Beginning on October 1, 2008, all plaintiffs asserting medical malpractice claims under the TMMA must comply with a notice requirement.[4] This requirement provides, in pertinent part, that:

> Any person, or that person's authorized agent, asserting a potential claim for medical malpractice shall give written notice of the potential claim to each health care provider who will be a named defendant at least sixty (60) days before the filing of a complaint based upon medical malpractice in any court of this state.

T.C.A. § 29-26-121(a)(1). Section 29-26-121(b) of the TMMA provides that if a complaint "is filed in any court alleging a claim for medical malpractice, the pleadings shall state whether each party has complied with [the pre-suit notice requirement] and shall provide such evidence of compliance as the court may require." *Id.* § 29-26-121(b). The TMMA also permits courts to exercise "discretion to excuse compliance with [the pre-suit notice requirement]" for "extraordinary cause shown." *Id.* One court has stated that the purpose of the pre-suit notice requirement is "to provide notice to potential parties and to facilitate early resolution of cases through settlement." *Jenkins v. Marvel*, 683 F. Supp. 2d 626, 639 (E.D. Tenn. 2010).

In addition to the notice requirement, the TMMA also provides that:

> In any medical malpractice action in which expert testimony is required by § 29-26-115, the plaintiff or plaintiff's counsel shall file a certificate of good faith with the complaint.

---

[4]Plaintiff filed the complaint on November 23, 2010.

T.C.A. § 29-26-122(a). Expert testimony is required under § 29-26-115 except where the act of alleged malpractice lies within the knowledge of ordinary laymen. *See Kenyon v. Handal*, 122 S.W.3d 743, 758 (Tenn. Ct. App. 2003). The certificate of good faith must show that the plaintiff or the plaintiff's counsel has conferred with one or more competent experts, and those expert or experts must then provide a "signed written statement" confirming that "a good faith basis [exists] to maintain the action consistent with the requirements of § 29-26-115[.]" T.C.A. §§ 29-26-122(a)(1), (a)(2). Failure to comply with this certificate of good faith requirement "make[s] the action subject to dismissal with prejudice." *Id.* § 29-26-122(c).

Federal district courts, in considering similar pre-suit notice requirements in other state medical malpractice statutes, have held that such requirements are substantive law to be applied in federal diversity cases. *See, e.g., Curry v. High Springs Family Practice Clinic & Diagnosis Center, Inc.*, No. 1:08-cv-00008-MP-AK, 2008 WL 5157683, at *9 (N.D. Fla. Dec.9, 2008) ("Federal courts typically consider pre-suit notice requirements to be substantive laws, rather than procedural laws, for Erie analysis."); *Redmond v. Astrazeneca Pharmaceuticals, LP*, 492 F.Supp.2d 575, 577-78 (S.D. Miss. 2007) (ruling that Mississippi's pre-filing notice requirement for medical malpractice actions is substantive law). In addition, in reviewing other states' laws with requirements similar to the TMMA's pre-suit notice requirement, district courts within the U.S. Court of Appeals for the Sixth Circuit have held that the requirement of a state law certificate or an affidavit of good faith in state law medical malpractice claims is substantive law that applies in diversity cases. *See, e.g., Nicholson v.*

7

*Collins*, No. 1:09cv137, 2009 WL 4147884, at *3 (S.D. Ohio Nov. 23, 2009) (holding that an Ohio law requiring medical malpractice claims to be accompanied by an affidavit of merit from an expert witness was substantive law to be applied in a diversity case); *Lee v. Putz*, No. 1:03-CV-267, 2006 WL 1791304, at *4 (W.D. Mich. June 27, 2006) (holding that Michigan's affidavit of merit statute was substantive law to be applied in a diversity case). The Court agrees with the principles articulated by these district courts and finds that the requirements of the TMMA are substantive law to be applied in diversity cases such as the one presently before the Court.

### 1.  Plaintiff's Claim for Medical Malpractice

Plaintiff has alleged that Summit View breached the applicable standard of medical care by failing to "provide access . . . to an interpreter[,]" and "take proper care of Adkins, including placing her in a suitable room, properly caring for [her] pre-existing emphysema and cancer, and promptly notifying the Nursing Home Physician of the progression of [her] condition" [Doc. 1, ¶ 12].

The Court finds these alleged negligent acts or failures to act bear a "substantial relationship" to the rendition of medical treatment by a medical professional, namely Summit View, a nursing home. *See In re French v. Stratford House*, No. E2008-00539-COA-R3-CV, 2009 WL 211898, at *7-*8 (Tenn. Ct. App. Jan. 29, 2009) (holding that the plaintiff's claim was governed by the TMMA where the defendants' alleged conduct required "decisions relating to the care of the Deceased that necessarily involve[d] medical knowledge"). Furthermore, plaintiff asserted in the complaint that her claims are brought under

8

"Tennessee statutes pertaining to *medical malpractice*" [Doc. 1, ¶ 4 (emphasis added)]. The record also includes a notice of claim letter sent by plaintiff to Summit View which states that plaintiff's intent was to "file a *medical malpractice* lawsuit" [Doc. 9-1, p. 3 (emphasis added)]. Accordingly, because the Court finds that the aforementioned claims relate to the alleged medical negligence of Summit View, a nursing home and its employees, and because such claimed acts or omissions involve medical decisions and opinions, the Court concludes that plaintiff's claims against Summit View are governed by the TMMA.

### 2. Notice Requirement

Summit View asserts that plaintiff has failed to comply with the notice requirement provision of the TMMA. The record indicates that on September 6, 2010, plaintiff sent Summit View a notice of claim letter [Doc. 9-1, p. 3].[5] Summit View points out, however, that while this letter gives the name of the patient, it does not contain the "date of birth of the patient[,]" as required by § 29-26-121(a)(2)(A). Furthermore, Summit View asserts that plaintiff has also failed to include an affidavit demonstrating proper service by mail as required by § 29-26-121(a)(4). In response, plaintiff asserts that she has complied with the notice requirement provision, stating that "the statute does not specify what information must be included . . . it may be presumed adequate written notice will include basic identifying information of the potential plaintiff, . . . treatment at issue, and will indicate on the face of the notice it is being sent in compliance with T. C. A. § 29-26-121" [Doc. 10, p. 2]. Plaintiff,

---

[5]At the time Adkins was still alive.

however, provides no reference or citation to support her assertion that such compliance may be presumed adequate.

Upon review, the Court finds plaintiff's assertion of compliance to have no merit and concludes that the notice of claim letter plaintiff sent to Summit View is inadequate for purposes of the TMMA. Section 29-26-121(a)(2) provides a list of provisions that must be included to satisfy the notice requirement, such provisions including the full name and date of birth of the patient and the inclusion with the complaint of an affidavit for proof of service of the notice letter. *See* T.C.A. § 29-26-121(a)(2). Plaintiff has failed to comply with either provision because the notice of claim letter does not include her birth date, nor is there any indication in the record of this case that plaintiff has filed an affidavit for proof of service. Moreover, plaintiff has not offered the Court any "extraordinary cause" or reason for her failure to comply with these requirements nor is the Court able to discern any cause or reason for why plaintiff has not complied with the notice requirements or why such compliance should be excused. The Court therefore declines to exercise its discretion and waive compliance with the notice requirement. Accordingly, the Court finds that plaintiff has failed to comply with the TMMA's notice requirement.

### 3. Certificate of Good Faith Requirement

Summit View also asserts that plaintiff's medical malpractice claims are of a type that will require expert testimony and that plaintiff has not submitted a certificate of good faith as required by the TMMA. The TMMA's certificate requirement exists "to ensure that suits proceeding through litigation have some merit." *Jenkins*, 683 F.Supp. 2d at 639. The TMMA

10

provides that a medical malpractice claimant has the burden of proving the recognized standard of acceptable professional practice in the profession, that the defendant acted with less than or failed to act with ordinary and reasonable care in accordance with such standard, and that the defendant's act or omission was the proximate cause of the injuries to the plaintiff. T. C. A. § 29-26-115(a).

In the instant case, expert testimony would be needed to determine the applicable standard of medical care and whether Summit View's alleged conduct met that standard. The determination of whether proper medical care was provided to Adkins, and if Adkins received proper care for her emphysema and cancer, requires knowledge greater than that of a laymen or juror. Further, in determining if Summit View breached the applicable standard of medical care, a medical expert would be needed to establish that standard. *See Richardson v. Miller*, 44 S.W.3d 1, 15-16 (Tenn. Ct. App. 2000) (finding that establishing the professional standard of care requires expert testimony).

It is undisputed that plaintiff has not submitted a certificate of good faith. While plaintiff asserts that she has ninety days in which to do so, this assertion is without merit. The TMMA expressly states that "plaintiff's counsel shall file a certificate of good faith with the complaint when expert testimony is required to prove a plaintiff's claims." T. C. A. § 29-26-122(a). Again, plaintiff has not offered the Court any explanation of "extraordinary cause" or shown that her failure to comply with the statute is due to any failure on the part of Summit View to timely provide copies of requested records. Accordingly, because the

Court finds no reason to excuse plaintiff's failure to file a certificate of good faith, the Court concludes that plaintiff has also failed to comply with this requirement of the TMMA.

### 4. Effect of Noncompliance with TMMA

Giving the foregoing, the Court finds that plaintiff has failed to comply with the requirements of the TMMA and has therefore failed to state a medical malpractice claim for which relief may be granted. Specifically, plaintiff did not give adequate notice to Summit View of its intent to bring a medical malpractice claim as required by § 29-26-121, and did not file a certificate of good faith as required by § 29-26-122. Moreover, "[t]he failure of a plaintiff to file a certificate of good faith in compliance with this section shall, upon motion, make the action subject to dismissal with prejudice." T. C. A. § 29-26-122 (c). Because Summit View has so moved, and because plaintiff has failed to state a claim pursuant to Rule 12(b)(6), the Court will dismiss plaintiff's medical malpractice claims with prejudice. *See Maliani v. Vanderbilt Univ. Med. Ctr.*, No. 3:10–0235, 2010 WL 4054268, at *4-*7 (M.D. Tenn. Oct. 12, 2010) (dismissing with prejudice a plaintiff's malpractice claim for failure to file a certificate of good faith under the post-amendment version of the TMMA, where jurisdiction was based on diversity).

### D. Americans with Disabilities Act (the "ADA") Claim

By summarily stating that "defendant violated the ADA by not providing an interpreter for Adkins[]" [Doc. 1-1], plaintiff also appears to attempt to allege a violation of the ADA. The complaint, however, never expressly states or cites any statutory basis for the alleged violation. Construing the complaint in the light most favorable to plaintiff, it appears

12

that she is attempting to bring a claim under Title III of the ADA, the provision pertaining to Public Accommodations and Services Operated by Private Entities. *See* 42 U.S.C. § 12182. However, even if plaintiff could establish that Summit View violated Title III, that claim fails because a plaintiff is not entitled to monetary damages or a trial by jury under Title III.[6] When an action is brought by a "person who is being subjected to discrimination[,]" Title III does not provide for monetary damages or, concomitantly, a jury trial. 42 U.S.C. § 12188(a)(2). *See also Gonzales v. National Bd. of Med. Examiners*, 225 F.3d 620, 635 (6th Cir. 2000) (Gilman, J., dissenting) (stating that it "appears doubtful" that Title III plaintiffs are entitled to jury trial as Title III permits only injunctive relief) (citing cases); *Smith v. Wal-Mart Stores, Inc.*, 167 F.3d 286, 293 (6th Cir.1999) (recognizing that the enforcement statute for Title III, 42 U.S.C. § 12188, which incorporates the remedies of 42 U.S.C. § 2000a-3(a), does not include money damages); *see also Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1120 (9th Cir.2000) ("Monetary relief is not an option for private individuals under Title III of the ADA. As a result, a plaintiff who files an ADA claim can at most hope to improve access through an injunction."). Further, entry of an injunction would be moot in the instant case because Adkins is now deceased. "Entry of an injunction is generally 'pointless' if the discrimination is not ongoing." *Dudley v. Hannaford Bros. Co.*, 333 F.3d 299, 304 (1st Cir. 2003).

---

[6]Plaintiff requests relief in the amount of $40,000,000.00 and makes no mention of injunctive relief. Plaintiff also demands a trial by jury.

Plaintiff asserts in her response that showing a violation of the ADA will also serve to show liability for medical negligence. However, even if this assertion was true, as discussed previously, plaintiff has failed to state a medical malpractice claim because she has failed to provide proper notice to Summit View and has failed to comply with the certificate of good faith requirement. Plaintiff has provided no statutory or case law to show otherwise. Further, plaintiff does not provide any statutory or case law indicating that she could proceed on a claim under Title III or any other provision of the ADA. Accordingly, plaintiff's ADA claim will also be dismissed for failure to state a claim pursuant to Rule 12(b)(6).

### III. Conclusion

For the reasons stated herein, defendant's Motion for Summary Judgment [Doc. 5] will be **GRANTED** and plaintiff's medical malpractice claims will be **DISMISSED with prejudice** for failure to state a claim under the TMMA. To the extent plaintiff has attempted to allege a claim for a violation of the ADA, that claim will also be **DISMISSED** for failure to state a claim. An appropriate order will be entered.

ORDER ACCORDINGLY.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE