UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| ROBIN SOUTHWELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 3:10-CV-550 |
| v. ) | (VARLAN/SHIRLEY) |
| ) | |
| SUMMIT VIEW OF FARRAGUT, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02. Now before the Court is the Defendant's Motion to Compel and Motion for Extension of Discovery Deadline [Doc. 34]. The parties appeared before the Court telephonically on September 20, 2013, to address the Defendant's motion. Attorney Belinda Noah was present representing the Plaintiff. Attorney Summer McMillan was present representing the Defendant.

In this motion, the Defendant states that on or about May 21, 2013, the Defendant received Plaintiff's responses to the Defendant's First Set of Interrogatories and Requests for Production of Documents. The Defendant asserts that the Plaintiff's responses were grossly inadequate and failed to provide significant information that is relevant and discoverable in this case. Counsel for the Defendant sent a letter to Plaintiff's counsel on June 7, 2013, outlining the deficiencies in the Plaintiff's responses and requested that the responses be supplemented. Plaintiff's counsel failed to respond to the letter.

A hearing on this motion was initially held on September 9, 2013, before the undersigned. An Order [Doc. 44] was filed directing the Plaintiff to fully supplement her

disclosures and responses by September 15, 2013, the discovery cut-off date in this case. The Court reserved ruling on this motion and reset the hearing to September 20, 2013. The Court also cited the lack of cooperation by Attorney Noah and cautioned her that failure to disclosure information pursuant to Rule 26(a) or Rule 26(e) of the Federal Rules of Civil Procedure may result in sanctions, including Plaintiff being precluded from using the same as evidence at trial. See Fed. R. Civ. P. 37(c)(1).

During the September 20, 2013 hearing, Attorney McMillan confirmed, on behalf of the Defendant, that she had since received a supplemental disclosure by the Plaintiff which listed 13 items of claimed damages which included medical and miscellaneous expenses.[1] However, the Plaintiff did not provide any documentation or receipts other than one bill for funeral expenses, some checks for prescriptions, and a receipt for airline tickets to support her claim for damages. When questioned by the Court, Attorney Noah stated that she currently did not have any other documentation or receipts in her possession and that she had not asked any medical providers for documentation reflecting medical expenses. Attorney Noah submitted to the Court that she was currently going through medical records to determine which medical providers and expenses the Plaintiff will be claiming as damages in this case.

The Court finds that Attorney Noah has not fully cooperated in disclosing discovery. This case has been on the Court's docket for almost three years, and the Plaintiff's decedent passed away almost three years ago. Thus, counsel has had more than enough time to calculate Plaintiff's damages and to obtain and provide to the Defendant appropriate documentation and

---

[1] Items 1 and 2 consisted of funeral expenses. Items 3 and 4 consisted of checks for prescription expenses and a generic total without documentation, the actual prescriptions, receipts explaining the totals, or a breakdown between preexisting medications and ones related to this claim. Item 5 consisted of "other medical expenses" without explanation or documentation. Item 6 consisted of a "transportation" claim with an attached receipt for plane tickets. Items 7-13 consisted of generic "areas" of claimed damages, with claimed total amounts for "pain and suffering," "emotion trauma," "mental anguish," "loss of enjoyment of life," "embarrassment," "physical disability," and "punitive damages" respectfully. No explanation, documentation, or expenses were referred to or provided for any of these items.

2

receipts reflecting said damages as requested in the Defendant's interrogatories and requests for production of documents. Moreover, the time following the initial hearing in this matter gave Attorney Noah an additional opportunity to supplement or correct the noted inadequate discovery disclosures. The Court finds that the overriding problem is that although "some records have been provided" by the Plaintiff to the Defendant, these records provide little or no indication to the Defendant which medical bills are being claimed for this incident or the extent of the bills and expenses to be covered at trial. In other words, there has been no indication of which hospitals, doctors, or other medical providers and expenses are being claimed as a result of the allegations raised in this case. Accordingly, the Court finds Attorney Noah's cooperation in providing discovery to be woefully inadequate.[2]

---

[2] Plaintiff's counsel repeatedly continues to assert that she has provided the Defendant with an agreed order so they could obtain these medical records and documents. While it appears that the Defendant, out of concern for late surprise, has in fact obtained some medical records, the obligation to properly respond to the Defendant's interrogatories and requests for production of documents remains on the Plaintiff. Furthermore, the mere obtaining of records by the Defendant does not tell the Defendant which ones are being claimed as related to this claim. Plaintiff's counsel has continued to repeatedly assert that she would supplement her disclosures when she obtains the information. When asked when that would likely be or how much time she needed, Plaintiff's counsel suggested up to the pretrial conference which is set two weeks before trial. The unreasonableness of that response requires no further comment other than stating that the unreasonableness of the inexplicable inability of Plaintiff's counsel to obtain and provide those documents over the course of three years is exceeded only by the unreasonableness of the proposal to continue such conduct and supplement up until trial, and thereby prejudice the Defendant as a result.

Based upon the foregoing, the Court finds that the Defendant's Motion to Compel and Motion for Extension of Discovery Deadline [**Doc. 34**] is well-taken. It is **GRANTED**, as follows:

1. Plaintiff **SHALL PROVIDE** full, complete, and signed responses to interrogatories 7, 8, 17, 19, 20, 21, 23, and 24, and requests 1, 2, 3, 8, and 18 of the Defendant's First Set of Interrogatories and Requests for Production of Documents.

2. Plaintiff's full and complete responses are due on or before **October 4, 2013**. The Court notes that the Defendant has already advised Plaintiff's counsel that failure to fully and completely respond will result in a motion for sanctions.

3. The discovery deadline for the Defendant is extended to **October 25, 2013**.

4. The Plaintiff and Attorney Noah are **ADMONISHED** that failure to comply with this Memorandum and Order may result in sanctions, including attorney's fees, limitations on trial evidence to documents provided, and potentially a recommendation to the District Judge that: Plaintiff be prohibited "from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence"; and/or that the failure to obey the Court's Memorandum and Order be treated as **contempt of court**; and/or that **this case be dismissed in whole or part**. See Fed. R. Civ. P. 37(b).

**IT IS SO ORDERED**.

ENTER:

    s/ C. Clifford Shirley, Jr.
United States Magistrate Judge